FILED
U.S. District Court
District of Kansas

AUG 1 3 2025

Clerk, U.S. District Court
By_____Cm_____Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MILLENIA PRODUCTIONS, LLC,

      Defendant.

Case No. 25-CR-10075-EFM

## PLEA AGREEMENT PURSUANT TO FEDERAL RULE
## OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through First Assistant United States Attorney Matt Treaster, Millenia Productions, LLC, the defendant, by and through its President, Michael Le, and with its counsel, Braden Perry, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 2 of the Information charging a violation of 42 U.S.C. § 6928(d)(2)(A), that is, Illegal Storage of Hazardous Waste. By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 2 of the Information to which it has agreed to plead guilty is not more than five years of probation, a $50,000 fine for each day of violation, and a $400.00 mandatory special assessment.

2.     **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

> The defendant is Millenia Productions, LLC, a Wichita, Kansas business. Millenia Productions, LLC produces and distributes various products including nail polish.

> On or about July 1, 2023, employees of Millenia Productions, LLC transported over 600 containers, many of which contained hazardous waste paint and solvents, from storage at the Millenia Productions, LLC facility in Wichita, Kansas, to a property owned by Millenia principal and owner Michael Le located at 1919 South Sand Hill Road, Burrton, Kansas. The waste containers were then stored in two groupings adjacent to an open-air burn pit. Neither Millenia Productions, LLC nor the 1919 South Sand Hill Road property were not legally permitted for the storage, treatment, or disposal of hazardous waste.

> On or about July 8 through July 13, 2023, Michael Le directed an employee at the 1919 South Sand Hill Road property to burn multiple containers of the waste paint and solvents in the open-air burn pit.

> On the morning of July 13, 2023, two local fire departments responded to reports of a fire at the 1919 South Sand Hill Road property, documenting the active burn pit and an injury to Le's employee, who suffered burns when one of the containers exploded, dispersing its contents on him.

> EPA officials responded to the incident, as did the Kansas Office of the State Fire Marshal and the Kansas Department of Health and the Environment. The EPA responders documented more than 50 burned containers in the open-air pit, with elevated levels of volatile organic compounds detected near the burn pit via real-time air monitoring. The two areas of chemical containers adjacent to the north and south sides of the burn pit contained a total of 577 containers in varying physical condition, including some with significant corrosion and exhibiting signs of leakage onto the ground. The contents of over 70 of the unburned containers were forensically examined by the EPA, and all the containers sampled were found to contain ignitable hazardous material.

3.      **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

A.      The defendant be placed on three years of probation, subject to the following conditions:

I.      The defendant, in coordination with an independent consultant, which is to be approved by the United States Attorney's Office for the District of Kansas, shall create an Environmental Compliance Plan (ECP);

II.     The defendant, in coordination with the independent consultant, shall create a comprehensive training program to address all elements of the ECP;

III.    The defendant shall engage a third-party auditor, who is to be approved by the United States Attorney's Office for the District of Kansas, to complete an independent audit of the ECP as implemented;

IV.     The defendant shall create a designated Environmental Compliance Officer position;

V.      The defendant shall immediately comply with the statutory and regulatory requirements of the Resource Conservation and Recovery Act.

B.      a $285,000 fine; and,

C.      the mandatory special assessment of $400.00;

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have

3

struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter its guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the present Information.

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to its involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if the defendant has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, the defendant understands and agrees that all statements it made, any testimony it gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements the defendant made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party

may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw its guilty plea.

9.    **Restitution.** The parties hereby acknowledge that the defendant has fully paid any and all restitution pursuant to 18 U.S.C. § 3663(a)(3) for all losses caused by the defendant's relevant conduct in this case.

10.    **Identification of Assets and Agreement Concerning Monetary Penalties.** In order to facilitate the collection of criminal monetary penalties, including restitution, fines, and assessments, to be imposed in connection with this case, the defendant agrees as follows:

A.    The defendant agrees to fully pay all anticipated criminal monetary penalties prior to sentencing.

B.    Payments toward anticipated criminal monetary penalties made prior to sentencing will be held by the Court Clerk and then applied to the criminal monetary penalties following entry of the Judgment in a Criminal Case. If the amount paid prior to sentencing exceeds the amount ordered at sentencing, the United States Attorney's Office will request language to be included in the Judgment in a Criminal case to authorize the Court Clerk to refund any overpayment to the defendant. Payments made prior to sentencing can be sent to the following address and should reference the defendant's name and case number:

Clerk, U.S. District Court
401 N. Market, Room 204
Wichita, Kansas 67202

C.    The defendant understands that failure to comply with the provisions of this section may constitute a breach of this plea agreement, as outlined in Paragraph 6, above.

11.    **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $400.00 for Count 2 of the Information will be entered against it at the time

6

of sentencing.  The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing.  The defendant has the burden of establishing an inability to pay the required special assessment.  The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during its period of probation.

12.    **Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, its conviction, or the components of the sentence to be imposed herein, including restitution, as well as the length and conditions of probation. The defendant is aware that 18 U.S.C. § 3742 affords it the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C).  The defendant also waives any right to challenge its sentence, or the manner in which it was determined, or otherwise attempt to modify or change its sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C).  However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

7

13. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

14. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

15. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the defendant's background, character, and conduct, including the entirety of its criminal activities. The defendant understands these disclosures are not limited to the count to which it is pleading guilty. The United States may respond to comments the defendant or its attorney makes, or to positions the defendant or its attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

16. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

8

17.    **Voluntariness of Guilty Plea.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with its attorney and it is fully satisfied with the advice and representation its attorney provided.  Further, the defendant acknowledges that it has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties.  The defendant acknowledges that it is entering into this Plea Agreement and is pleading guilty because it is guilty.  The defendant further acknowledges that it is entering its guilty plea freely, voluntarily, and knowingly.

_____        Date:___8/12/25_____
Matt Treaster
First Assistant United States Attorney

_____        Date:___8-12-2025_____
Ryan A. Kriegshauser
United States Attorney

_____        Date:___8-13-25_____
Micheal Le, President
Millenia Productions, LLC
Defendant

_____        Date:___8/13/2025_____
Braden Perry
Counsel for Defendant

9